# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| **LYNETTE BENSON**,<br>6511 Cheri Lynne Dr.<br>Dayton, OH 45415<br><br>and<br><br>**CHARLES BENSON**<br>6511 Cheri Lynne Dr.<br>Dayton, OH 45415<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>**TABOR RECOVERY GROUP, LLC**<br>c/o Corporate Service Center, Inc.<br>15500 Voss Rd, Ste 425<br>Sugar Land, TX 77498<br><br>　　-and-<br><br>**TONY ADKINS**<br>723 S I-35 E. #132,<br>Denton, TX 76205<br><br>　　-and-<br><br>**MARK RICHMOND**<br>723 S I-35 E. #132,<br>Denton, TX 76205<br><br>　　-and-<br><br>**PLUMBING SOLUTIONS, INC.**<br>c/o John D. Baldridge, Statutory Agent<br>3599 Refugee Rd.<br>Columbus, OH 43232<br><br>　　　　Defendants. | Case No. 3:25-cv-00044-MJN-CHG<br><br>Judge: **Michael J. Newman**<br><br>Magistrate Judge **Caroline H. Gentry**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES WITH JURY DEMAND** |

Plaintiffs Lynette and Charles Benson, through counsel, for their *Complaint for Damages* against Defendants Tabor Recovery Group, LLC, Tony Adkins, Mark Richmond, and Plumbing Solutions, Inc. state as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiffs Lynette Benson and Charles Benson ("the Bensons" or "Plaintiffs") are natural persons and residents of Montgomery County, Ohio.

2. Defendant Tabor Recovery Group, LLC ("Tabor") is a limited liability company organized under the laws of the State of Texas, with its principal place of business located at 723 S I-35 E. #132, Denton, TX 76205

3. Defendant Tony Adkins ("Adkins") is a natural person and resident of Texas. For all times relevant to this Complaint, Adkins was an employee and/or officer of Tabor.

4. Defendant Mark Richmond ("Richmond") is a natural person and resident of Texas. For all times relevant to this Complaint, Richmond was an employee of Tabor.

5. Defendant Plumbing Solutions, Inc. ("Plumbing Solutions") is a residential, light commercial, and remodeling plumbing contractor with its principal place of business located at 3599 Refugee Rd., Columbus, OH 43232.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d) because this action arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (FDCPA).

7. This Court has supplemental jurisdiction to hear any state law claims that are pleaded herein or that may subsequently arise pursuant to 28 U.S.C. § 1367.

8. Venue lies in this District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

## FACTUAL BACKGROUND

9. In July 2022, Plaintiff Lynette Benson entered into an Agreement with Stonecliff Homes LLC for the construction of a home on a lot owned by the Bensons and located at 30814 McCutcheon Place (Lot #37) (the "Home"). The home was designed by Mr. Benson, and the couple plan on living in the home once it is completed.

10. Upon information and belief, Stonecliff Homes contracted with Plumbing Solutions for plumbing work required for the construction of the Home. At no time did the Bensons have any contract with Plumbing Solutions or even know of Plumbing Solutions' involvement with the construction of the Home.

11. Upon information and belief, Plumbing Solutions provided labor and materials to the Home as part of its contract with Stonecliff Homes. To date, it appears that only the rough plumbing has been completed on the Home.

12. Stonecliff Homes stopped work on the Home in the fall of 2023. It has since gone out of business, and its principal, Patrick Schultz, filed Chapter 7 bankruptcy on February 10, 2024.

13. Apparently, Stonecliff Homes failed to pay Plumbing Solutions for some or all of the work Plumbing Solutions performed on the Home.  The amount Plumbing Solutions claims due from Stonecliff Homes is $12,375.00.

14. On or about January 23, 2024, Plumbing Solutions recorded a Mechanic's Lien Affidavit with the Franklin County Recorder's office. The Mechanic's Lien Affidavit asserts a lien against the Home in the sum of $12,375.00.

15. Upon information and belief, Plumbing Solutions retained the services of Tabor to collect directly from the Bensons the monies allegedly owed by Stonecliff Homes to Plumbing

Solutions for the work on the Home (the "Debt"). At all times relevant hereto, Tabor, Adkins, and Richmond acted as collection agents for Plumbing Solutions with respect to the Debt.

16. Upon information and belief, Tabor is a consumer debt collection agency. It regularly attempts to collect debts that relate to consumer's personal, family, and household use by mail, telephone, email, and text messages. According to its website, Tabor purports to specialize in the mediation and settlement of:

   a. Mechanic's lien enforcement & resolution

   b. Materialman's lien enforcement & resolution

   c. Past due contractual obligations

   d. Contract dispute mediation

   e. Insurance recovery and disputes

   f. Workmanship dispute resolution

Tabor's website declares Tabor to be "FDCPA Compliant."

17. Even though the Bensons had no contractual relationship with Plumbing Solutions, Adkins, during the course of his employment with Tabor called the Bensons at least 19 times between February 7, 2024 and May 29, 2024. Mr. Benson spoke with Adkins two or three times, and Adkins left several voice messages for Mr. Benson. Each of Adkins calls to Mr. Benson were for the purpose of attempting to collect the Debt from the Bensons.

18. During some of these voice messages, Adkins made misrepresentations to Mr. Bensons. For instance:

   a. On March 14, 2024, Adkins left a message stating he needed "to confirm tomorrow's bank wire for $6,000 in lieu of the payment arrangement that's in place to keep us out of default." But Mr. Benson had never spoke with Adkins about a wire transfer of any amount.

  b. On March 25, 2024, Adkins left a message stating he needed to speak with Mr. Benson about a "foreclosure of the mechanics lien that is being filed Monday." Upon information and belief, Adkins, Tabor, and Plumbing Solutions did not intend that a foreclosure of the mechanic's lien would be filed as asserted. Further, since March 25, 2024, no such foreclosure action had been instituted.

  c. On March 28, 2024, Adkins left a message that stated: "if I don't hear from you guys Monday or Tuesday unfortunately we do have to contact the refinance company and lender to notify them of [our] intent." Tabor, Adkins, and Plumbing Solutions possessed no legal right to disclose to any refinance company or lender any information about the Bensons.

  d. On May 14, 2024, Adkins left a message that stated "you should have received some certified documentation [from] me last week." The Bensons have never received any correspondence or documents from Adkins or Tabor aside from the emails and texts referenced below.

19.  In none of the voice messages left by Adkins did Adkins advise Mr. Benson that he was a debt collector, that he was attempting to collect a debt and that any information obtained from Mr. Benson would be used to collect the Debt.

20.  On March 4, 2024, Adkins sent Mr. Benson an email demanding payment of the Debt. A copy of that email is attached as Exhibit XX. The email referenced the sum of $12,375 being owed, by also stated:

> We are pleased to inform you that Tabor Recovery Group has agreed to extend a settlement arrangement for the above-referenced account. Upon the clearance of funds through standard banking procedures, no further payments will be due.
>
> It is imperative to adhere to the terms of this arrangement diligently. Failure to comply or any instances of non-sufficient funds resulting in returned payments may render this settlement null and void. In

> such a scenario, Tabor Recovery Group reserves the right to pursue litigation and file a lien on the property on behalf of Plumbing Solutions Inc and John Bladridge [sic].
>
> Once the funds have been successfully cleared, the referenced account will be considered settled in full. This letter serves as a comprehensive release of all liabilities, and upon the payment totaling $15,000.00, all legal actions will cease, and no further actions will be pursued by either Tabor Recovery Group or Plumbing Solutions Inc.

21. At no time did the Bensons agree to the proposal or agree to make any payment to Tabor or Plumbing Solutions.

22. At the time of the March 4th email, Plumbing Solutions was not owed $15,000 with respect to the services it provided to the Home.

23. At the time of the March 4th email, no legal actions had been commenced by Tabor or Plumbing Solutions, and Tabor had no right to commence any action against the Bensons on behalf of Plumbing Solutions.

24. On March 14, 2024, and in addition to the voice message referenced above, Adkins sent to Mr. Benson an email that stated: "Charles I am checking to confirm tomorrows [sic] payment." Mr. Benson had never indicated to Adkins that any payment was going to be made.

25. On March 21, 2024, Adkins sent a text message to both the Bensons with a reference line of: "Notice of Suit to Forgo [sic] Mechanics Lien / Breach of Payment Agreement - $12,375.00." Mr. Benson never entered into a payment agreement with either Tabor or Plumbing Solutions. In the text, and in addition to the claim of Plumbing Solutions, Adkins suggested that there was another claim owed by the Bensons to Mills Air, Inc. in the amount of $11,400.

26. On July 18, 2024, Richmond sent a text message to Mr. Benson. The text message states, in part:

> [I] have received case#1202 filed by plumbing solutions firstly for the lien and foreclosure onto the property at 3081 mccutcheon place secondly for the lawsuit to be filed for theft of services criminally over $10,000.00."

No such case has been filed.

27. At the time of the July 18th text, there existed no basis in law or fact to support a claim of theft of services against the Bensons by Plumbing Solutions.

28. In response to Richmond's July 18th text, the Bensons informed Richmond that they were represented by counsel and provided Richmond with their counsel's name, his law firm's name, and a phone number. Despite receiving this information, on July 19, 2024, Richmond continued to communicate with the Bensons by asking if counsel would accept service of process on behalf of the Bensons. Richmond also pressed the Bensons for the reason they had not paid the Plumbing Solutions debt.

29. At no time did Tabor, Richmond, or Adkins have any facts from which they could reasonably believe that the Bensons were guilty of any kind of theft regarding the work performed by Plumbing Solutions at the Home.

30. At no time did the Bensons give Richmond, Adkins, or Tabor permission to text them.

31. Tabor, Adkins, and Richmond never sent to the Bensons any notice that provided the information required by 15 U.S.C. 1692g.

32. At no time did the Bensons have a contract or agreement with Plumbing Solutions for the services Plumbing Solutions provided for the construction of the Home. At no time has there been any basis in law or fact that would support a reasonable belief that the Bensons had personal liability to Plumbing Solutions for the services Plumbing Solutions provided for the construction of the Home.

## COUNT ONE: AGAINST TABOR, ADKINS, AND RICHMOND
## VIOLATIONS OF THE FDCPA, 15 U.S.C. §§ 1692, *et seq.*

33. Benson restates and incorporates all the allegations contained in paragraphs 1 through 32 in their entirety, as if fully rewritten herein.

34. The Bensons are "consumers" as they are natural persons who Defendants assert are obligated or allegedly obligated to pay the Debt. 15 U.S.C. § 1692a(3).

35. The Debt is a "debt" as it is an obligation or alleged obligation of Benson to pay money arising out of a transaction primarily for personal, family, or household purposes – the purchase of services from Plumbing Solutions Services. 15 U.S.C. § 1692a(5).

36. Defendants Tabor, Adkins, and Richmond are each a "debt collector" because they regularly collect or attempt to collect on debts, such as the Debt, owed to creditors, such as Plumbing Solutions Services. 15 U.S.C. § 1692a(6).

37. Defendants Tabor, Adkins, and Richmond violated 15 U.S.C. §§ 1692e, 1692f and 12 C.F.R. § 1006.6 (d)(5) by placing voice calls and sending text messages to the Bensons on their cellular telephones without their prior consent and by failing to provide the Bensons with the information required by 12 C.F.R. § 1006.6(e) to opt out of further electronic communications.

38. Defendants Tabor, Adkins, and Richmond violated 15 U.S.C. §§ 1692e(11) and 12 C.F.R. § 1006.18(e) failing to disclose in the initial communication that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and (2) the failure to disclose in subsequent communications that the communication is from a debt collector.

39.     Defendants Tabor, Adkins, and Richmond violated 15 U.S.C. §§ 1692g and 12 C.F.R. § 1006.34(a)(1) by failing to disclose within five days of their initial communication with the Bensons the information required by 15 U.S.C. §§ 1692g(a) and 12 C.F.R. § 1006.34(c).

40.     Defendants Tabor and Richmond violated 12 C.F.R. § 1006.6 by attempting to communicate with the Bensons after being informed of their attorney's name and law firm name.

41.     Defendants Tabor, Adkins, and Richmond violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692f, and 12 C.F.R. § 1006.18 by using false, deceptive, or misleading representations to the Bensons, including, but limited to, (1) attempting to collect the Debt directly from the Bensons when there existed no basis in law or fact to support the Bensons' personal liability for the Debt, (2) making the false representation or implication that the Bensons had committed the crime of theft of services, (3) misrepresenting that a legal case had been commenced against the Bensons, (4) misrepresenting the amount of the debt allegedly owed and the identity of the creditor, (5) misrepresenting that Tabor had the legal right to file a lien on the Home on behalf of Plumbing Solutions, and (6) threatening to take any action against the Bensons that cannot legally be taken.

42.     Defendants' actions have caused Bensons to suffer actual damages, including (1) the expenditure of hundreds of dollars of attorney's fees to deal with Tabor's collection attempts on the Debt, (2) the intrusion upon their seclusion and invasion on their privacy by their receipt of many unwanted phone calls and texts from Tabor, Adkins, and Richmond, and (3) their shock and concern about their potential criminal liability for the Debt, as suggested by Mr. Richmond's July 18, 2024 text.

43.     As a result of Defendants' actions, Defendants Tabor, Adkins, and Richmond are liable to Benson for actual damages and statutory damages. 15 U.S.C. § 1692k(a)(1).

44. Additionally, Benson requests reasonable attorneys' fees and costs incurred in connection with this action. 15 U.S.C. § 1692k(a)(3).

## COUNT TWO: AGAINST DEFENDANTS TABOR, ADKINS, AND RICHMOND VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT, O.R.C. § 1345.02

45. Plaintiffs reassert the allegations stated in Paragraphs 1 through 44 above as if fully rewritten herein.

46. The Bensons are "consumers" within the meaning of ORC § 1345.01(D) because the Debt relates to a transaction undertaken for their personal, family, and household purposes.

47. Defendants Tabor, Adkins, and Richmond are "suppliers" as that term is defined by ORC § 1345.02 (C) because they are seeking to collect a debt related to a consumer transaction in which the Bensons are "consumers" within the meaning of ORC § 1345.01 (D).

48. Defendants Tabor, Adkins, and Richmond are "suppliers" as that term is defined by ORC § 1345.02 (C) because they are attempting to collect from consumers monies allegedly owed for services provided for the improvement of the Benson's residence.

49. The interaction between Defendants Tabor, Adkins, and Richmond and the Bensons is a "consumer transaction," as that term is defined by the CSPA because the Defendants are attempting to collect from consumers monies allegedly owed for services provided for the improvement of the Bensons' residence.

50. The illegal, improper, and abusive debt collection practices of Defendants, Tabor, Adkins, and Richmond, as described above, are acts in violation of the FDCPA and constitute unfair and deceptive practices in violation of the CSPA. O.R.C. 1345.02.

51. As a direct consequence of the conduct of these Defendants have caused Bensons to suffer actual damages, including (1) the expenditure of hundreds of dollars of attorney's fees to deal with Tabor's collection attempts on the Debt, (2) the intrusion upon their seclusion and

invasion on their privacy by their receipt of many unwanted phone calls and texts from Tabor, Adkins, and Richmond, and (3) their shock and concern about their potential criminal liability for the Debt, as suggested by Mr. Richmond's July 18, 2024 text.

52. Based on the allegations above, Defendants Tabor, Adkins, and Richmond have violated the CSPA and are liable to Berry for an award of actual damages in a total amount to be determined at trial, statutory damages as applicable, statutory non-economic damages of $5,000.00, treble damages as applicable, and her reasonable attorneys' fees and costs.

## COUNT THREE: AGAINST PLUMBING SOLUTIONS
## VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT, O.R.C. § 1345.02

53. Plaintiffs reassert the allegations stated in Paragraphs 1 through 52 above as if fully rewritten herein.

54. The Bensons are "consumers" within the meaning of ORC § 1345.01(D) because the Debt relates to a transaction undertaken for their personal, family, and household purposes.

55. Defendants Plumbing Solutions is a "supplier" as that term is defined by ORC § 1345.02 (C) because it is seeking to collect a debt related to a consumer transaction in which the Bensons are "consumers" within the meaning of ORC § 1345.01 (D).

56. Defendant Plumbing Solutions is a "supplier" as that term is defined by ORC § 1345.02 (C) because it is attempting to collect from consumers monies allegedly owed for services provided for the improvement of the Benson's residence.

57. The interaction between Defendant Plumbing Solutions and the Bensons is a "consumer transaction," as that term is defined by the CSPA because the Defendant is attempting to collect from consumers monies allegedly owed for services provided for the improvement of the Bensons' residence.

58. As a direct consequence of the conduct of this Defendant, Defendants' actions have caused Bensons to suffer actual damages, including (1) the expenditure of hundreds of dollars of attorney's fees to deal with Tabor's collection attempts on the Debt, (2) the intrusion upon their seclusion and invasion on their privacy by their receipt of many unwanted phone calls and texts from Tabor, Adkins, and Richmond, and (3) their shock and concern about their potential criminal liability for the Debt, as suggested by Mr. Richmond's July 18, 2024 text.

59. Based on the allegations above, Defendants have violated the CSPA and are liable to Berry for an award of actual damages in a total amount to be determined at trial, statutory damages as applicable, statutory non-economic damages of $5,000.00, treble damages as applicable, and her reasonable attorneys' fees and costs.

## COUNT FOUR: AGAINST ALL DEFENDANTS
## INTRUSION ON SECLUSION

60. Plaintiffs incorporate the allegations contained in Paragraphs 1 through 32 as if fully restated herein.

61. Richman and Adkins personally and on behalf of Tabor and Plumbing Solutions intentionally interfered with the solitude, seclusion and private concerns and affairs of Mr. and Mrs. Benson. Specifically by calling or texting them more than 19 times and providing them false information about their personal liability on the alleged debt to Plumbing Solutions and about court and collection actions that were threatened but never filed.

62. The intrusion on the Plaintiffs' private affairs by the Defendants occurred in a way that would be highly offensive to a reasonable person and caused Mr. and Mrs. Benson mental anguish and suffering.

63. As a direct consequence of the conduct of these Defendants the Defendants have caused the Bensons to suffer actual damages, including (1) the expenditure of hundreds of dollars of attorney's fees to deal with Tabor's collection attempts on the Debt, (2) the intrusion upon their seclusion and invasion on their privacy by their receipt of many unwanted phone calls and texts from Tabor, Adkins, and Richmond, and (3) their shock and concern about their potential criminal liability for the Debt, as suggested by Mr. Richmond's July 18, 2024 text.

64. The actions of the Defendants described above are a direct intrusion into Plaintiffs' personal affairs and Defendants are liable for actual damages in an amount to be further determined at trial in excess of $25,000.00 and Punitive Damages in a total amount to be determined.

## COUNT FIVE AGAINST ALL DEFENDANTS: CIVIL CONSPIRACY

65. Plaintiffs incorporate the allegations contained in Paragraphs 1 through 32 as if fully restated herein.

66. Defendants Tabor, Plumbing Solutions, Richmond and Adkins ("co-conspirators") formed a malicious combination of more than two persons and agreed to cause injury to the Plaintiffs in furtherance of their unlawful violations of the FDCPA, OSCPA and by conspiring to intrude on the seclusion of Mr. and Mrs. Benson resulting in actual damages by making false claims and claims of criminal liability on a debt that they did not directly owe.

67. As a direct consequence of the conduct of these Defendants have caused Bensons to suffer actual damages, including (1) the expenditure of hundreds of dollars of attorney's fees to deal with Tabor's collection attempts on the Debt, (2) the intrusion upon their seclusion and invasion on their privacy by their receipt of many unwanted phone calls and texts from Tabor, Adkins, and Richmond, and (3) their shock and concern about their potential criminal liability for the Debt, as suggested by Mr. Richmond's July 18, 2024 text.

68. As a direct and proximate result of the Civil Conspiracy formed by the Defendants are liable for compensatory damages in excess of $25,000 and punitive damages to be determined at trial

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiffs Lynette Benson and Charles Benson respectfully request that this Court enter an Order granting Judgment against Defendants Tabor Recovery Group, LLC, Tony Adkins, Mark Richmond, and Plumbing Solutions, Inc. as follows:

A. Actual damages in an amount to be determined at trial;

B. Statutory damages of up to One Thousand Dollars ($1,000.00) for the violations of the FDCPA as contained in Count One;

C. Statutory damages of One Thousand Dollars ($200.00) for the allegations contained in Counts Two and Three;

D. Punitive damages;

E. Costs and reasonable attorneys' fees; and,

F. Such other relief which this Court may deem appropriate.

Respectfully submitted,

*/s/ Andrew M. Engel*
Andrew M. Engel (0047371)
Marc E. Dann (0039425)
**Dann Law**
15000 Madison Ave.
Lakewood, OH 44107
Telephone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com
*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby request a trial by jury on all issues, with the maximum number of jurors permitted by law.

                                                                 */s/ Andrew M. Engel*
                                                                 Andrew M. Engel (0047371)
                                                                 Marc E. Dann (0039425)
                                                                 **Dann Law**
                                                                 *Counsel for Plaintiffs*