# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LYNETTE BENSON, *et al.*, | : | CASE NO. 3:25-cv-00044-MJN-CHG |
| | : | |
| Plaintiffs, | : | JUDGE NEWMAN |
| | : | MAGISTRATE JUDGE GENTRY |
| v. | : | |
| | : | **DEFENDANTS TABOR RECOVERY** |
| TABOR RECOVERY GROUP, LLC, *et al.*, | : | **GROUP, LLC'S, TONY ADKINS', AND** |
| | : | **MARK RICHMOND'S ANSWER TO** |
| | : | **PLAINTIFFS' FIRST AMENDED** |
| Defendants. | : | **COMPLAINT FOR DAMAGES** |

Now come Defendants Tabor Recovery Group, LLC ("TRG"), Tony Adkins ("Adkins"), and Mark Richmond ("Richmond") (collectively "Tabor Defendants"), by and through counsel, and for their Answer to Plaintiffs Lynette Benson's and Charles Benson's ("Plaintiffs") First Amended Complaint for Damages ("Amended Complaint"), state as follows:

## PARTIES, JURISDICTION, AND VENUE[1]

1. Tabor Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of Plaintiffs' Amended Complaint, and therefore deny the same.

2. TRG admits that it is a Limited Liability Company organized under the laws of the State of Texas and that it is located at 723 South I-35, Suite 132, Denton, Texas 76205. Further answering, Tabor Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 2 of Plaintiffs' Amended Complaint, and therefore deny the same.

3. Adkins admits that he is a natural person, residing in Texas, and that he is the COO of TRG. Further answering, Tabor Defendants are without knowledge or information

---

[1] For ease of review, Tabor Defendants have retained the headings and paragraph numbering as they appear in Plaintiffs' Amended Complaint.

1

sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 3 of Plaintiffs' Amended Complaint, and therefore deny the same.

4. Richmond admits that he is a natural person, residing in Texas, and that he is an employee of TRG. Further answering, Tabor Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 4 of Plaintiffs' Amended Complaint, and therefore deny the same.

5. Tabor Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of Plaintiffs' Amended Complaint, and therefore deny the same.

6. Paragraph 6 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Tabor Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of Plaintiffs' Amended Complaint, and therefore deny the same.

7. Paragraph 7 of Plaintiffs' Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Tabor Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of Plaintiffs' Amended Complaint, and therefore deny the same.

8. Paragraph 8 of Plaintiffs' Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Tabor Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of Plaintiffs' Amended Complaint, and therefore deny the same.

## FACTUAL BACKGROUND

9. Tabor Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of Plaintiffs' Amended Complaint, and therefore deny the same.

10. Tabor Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of Plaintiffs' Amended Complaint, and therefore deny the same.

11. Tabor Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of Plaintiffs' Amended Complaint, and therefore deny the same.

12. Tabor Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of Plaintiffs' Amended Complaint, and therefore deny the same.

13. Tabor Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of Plaintiffs' Amended Complaint, and therefore deny the same.

14. Tabor Defendants state that any documents recorded with the Franklin County Recorder's Office speak for themselves. Further answering, Tabor Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of Plaintiffs' Amended Complaint, and therefore deny the same.

15. TRG admits that an account owed to Plumbing Solutions, Inc. ("Plumbing Solutions") was placed with it for collection but denies the allegations set forth in Paragraph 15 of Plaintiffs' Amended Complaint to the extent they allege or imply wrongdoing by Tabor

Defendants. Further answering, Tabor Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 15 of Plaintiffs' Amended Complaint, and therefore deny the same.

16. TRG states that its website speaks for itself and admits that, under certain circumstances, it may fall under the definition of "debt collector" as that term is defined in the Fair Debt Collection Practices Act. Further answering, Tabor Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 16 of Plaintiffs' Amended Complaint, and therefore deny the same.

17. TRG admits that it attempted to speak with Plaintiffs in connection with the Plumbing Solutions account that was placed with it for collection. Further answering, Tabor Defendants deny the allegations set forth in Paragraph 17 of Plaintiffs' Amended Complaint to the extent they allege or imply wrongdoing by Tabor Defendants, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 17 of Plaintiffs' Amended Complaint, and therefore deny the same.

18. Tabor Defendants deny the allegations set forth in Paragraph 18 of Plaintiffs' Complaint and all subparts thereof.

19. Tabor Defendants deny the allegations set forth in Paragraph 19 of Plaintiffs' Complaint to the extent they allege or imply wrongdoing by Tabor Defendants. The Plumbing Solutions account placed with TRG for collection was a commercial account.

20. Tabor Defendants state that any e-mails speak for themselves and deny the remaining allegations set forth in Paragraph 20 of Plaintiffs' Amended Complaint.

21. Tabor Defendants deny the allegations set forth in Paragraph 21 of Plaintiffs' Amended Complaint to the extent they allege or imply wrongdoing by Tabor Defendants.

Further answering, Tabor Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 21 of Plaintiffs' Amended Complaint, and therefore deny the same.

22. Tabor Defendants deny the allegations set forth in Paragraph 22 of Plaintiffs' Amended Complaint to the extent they allege or imply wrongdoing by Tabor Defendants. Further answering, Tabor Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 22 of Plaintiffs' Amended Complaint, and therefore deny the same.

23. Tabor Defendants deny the allegations set forth in Paragraph 23 of Plaintiffs' Amended Complaint to the extent they allege or imply wrongdoing by Tabor Defendants. Further answering, Tabor Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 23 of Plaintiffs' Amended Complaint, and therefore deny the same.

24. Tabor Defendants deny the allegations set forth in Paragraph 24 of Plaintiffs' Amended Complaint to the extent they allege or imply wrongdoing by Tabor Defendants. Further answering, Tabor Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 24 of Plaintiffs' Amended Complaint, and therefore deny the same.

25. Tabor Defendants deny the allegations set forth in Paragraph 25 of Plaintiffs' Amended Complaint to the extent they allege or imply wrongdoing by Tabor Defendants. Further answering, Tabor Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 25 of Plaintiffs' Amended Complaint, and therefore deny the same.

26. Tabor Defendants deny the allegations set forth in Paragraph 26 of Plaintiffs' Amended Complaint to the extent they allege or imply wrongdoing by Tabor Defendants. Further answering, Tabor Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 26 of Plaintiffs' Amended Complaint, and therefore deny the same.

27. Tabor Defendants deny the allegations set forth in Paragraph 27 of Plaintiffs' Amended Complaint to the extent they allege or imply wrongdoing by Tabor Defendants. Further answering, Tabor Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 27 of Plaintiffs' Amended Complaint, and therefore deny the same.

28. Tabor Defendants deny the allegations set forth in Paragraph 28 of Plaintiffs' Amended Complaint to the extent they allege or imply wrongdoing by Tabor Defendants. Further answering, Tabor Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 28 of Plaintiffs' Amended Complaint, and therefore deny the same.

29. Tabor Defendants deny the allegations set forth in Paragraph 29 of Plaintiffs' Amended Complaint to the extent they allege or imply wrongdoing by Tabor Defendants. Further answering, Tabor Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 29 of Plaintiffs' Amended Complaint, and therefore deny the same.

30. Tabor Defendants deny the allegations set forth in Paragraph 30 of Plaintiffs' Amended Complaint to the extent they allege or imply wrongdoing by Tabor Defendants. Further answering, Tabor Defendants are without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations set forth in Paragraph 30 of Plaintiffs' Amended Complaint, and therefore deny the same.

31. Tabor Defendants deny the allegations set forth in Paragraph 31 of Plaintiffs' Amended Complaint to the extent they allege or imply wrongdoing by Tabor Defendants. The Plumbing Solutions account placed with TRG for collection was a commercial account.

32. Tabor Defendants deny the allegations set forth in Paragraph 32 of Plaintiffs' Amended Complaint to the extent they allege or imply wrongdoing by Tabor Defendants. Further answering, Tabor Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 32 of Plaintiffs' Amended Complaint, and therefore deny the same.

### COUNT ONE: AGAINST TABOR, ADKINS, AND RICHMOND
### VIOLATIONS OF THE FDCPA, 15 U.S.C. §§ 1692, *et seq.*

33. All allegations incorporated by reference in Paragraph 33 of Plaintiffs' Amended Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

34. Paragraph 34 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Tabor Defendants deny the allegations set forth in Paragraph 34 of Plaintiffs' Amended Complaint.

35. Paragraph 35 of Plaintiffs' Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Tabor Defendants deny the allegations set forth in Paragraph 35 of Plaintiffs' Amended Complaint.

36. Paragraph 36 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Tabor Defendants deny the allegations set forth in Paragraph 36 of Plaintiffs' Amended Complaint.

37. Tabor Defendants deny the allegations set forth in Paragraph 37 of Plaintiffs' Amended Complaint.

38. Tabor Defendants deny the allegations set forth in Paragraph 38 of Plaintiffs' Amended Complaint.

39. Tabor Defendants deny the allegations set forth in Paragraph 39 of Plaintiffs' Amended Complaint.

40. Tabor Defendants deny the allegations set forth in Paragraph 40 of Plaintiffs' Amended Complaint.

41. Tabor Defendants deny the allegations set forth in Paragraph 41 of Plaintiffs' Amended Complaint.

42. Tabor Defendants deny the allegations set forth in Paragraph 42 of Plaintiffs' Amended Complaint.

43. Tabor Defendants deny the allegations set forth in Paragraph 43 of Plaintiffs' Amended Complaint.

44. Paragraph 44 of Plaintiffs' Amended Complaint sets forth allegations to which no response is required. To the extent a response is required, Tabor Defendants deny the allegations set forth in Paragraph 44 of Plaintiffs' Amended Complaint.

**COUNT TWO: AGAINST DEFENDANTS TABOR, ADKINS, AND RICHMOND VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT, O.R.C. § 1345.02**

45. All allegations incorporated by reference in Paragraph 45 of Plaintiffs' Amended Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

46. Paragraph 46 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Tabor Defendants deny the allegations set forth in Paragraph 46 of Plaintiffs' Amended Complaint.

47. Paragraph 47 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Tabor Defendants deny the allegations set forth in Paragraph 47 of Plaintiffs' Amended Complaint.

48. Paragraph 48 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Tabor Defendants deny the allegations set forth in Paragraph 48 of Plaintiffs' Amended Complaint.

49. Paragraph 49 of Plaintiffs' Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Tabor Defendants deny the allegations set forth in Paragraph 49 of Plaintiffs' Amended Complaint.

50. Tabor Defendants deny the allegations set forth in Paragraph 50 of Plaintiffs' Amended Complaint.

51. Tabor Defendants deny the allegations set forth in Paragraph 51 of Plaintiffs' Amended Complaint.

52. Tabor Defendants deny the allegations set forth in Paragraph 52 of Plaintiffs' Amended Complaint.

**COUNT THREE: AGAINST PLUMBING SOLUTIONS**
**VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT, O.R.C. § 1345.02**

53. All allegations incorporated by reference in Paragraph 53 of Plaintiffs' Amended Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

54. Paragraph 54 of Plaintiffs' Amended Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Tabor Defendants deny the allegations set forth in Paragraph 54 of Plaintiffs' Amended Complaint.

55. Paragraph 55 of Plaintiffs' Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Tabor Defendants deny the allegations set forth in Paragraph 55 of Plaintiffs' Amended Complaint.

56. Paragraph 56 of Plaintiffs' Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Tabor Defendants deny the allegations set forth in Paragraph 56 of Plaintiffs' Amended Complaint.

57. Paragraph 57 of Plaintiffs' Amended Complaint sets forth a legal conclusion to which no response is required. To the extent a response is required, Tabor Defendants deny the allegations set forth in Paragraph 57 of Plaintiffs' Amended Complaint.

58. Tabor Defendants deny the allegations set forth in Paragraph 58 of Plaintiffs' Amended Complaint.

59. Tabor Defendants deny the allegations set forth in Paragraph 59 of Plaintiffs' Amended Complaint.

**COUNT FOUR: AGAINST ALL DEFENDANTS**
**INTRUSION ON SECLUSION**

60. All allegations incorporated by reference in Paragraph 60 of Plaintiffs' Amended Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

61. Tabor Defendants deny the allegations set forth in Paragraph 61 of Plaintiffs' Amended Complaint.

62. Tabor Defendants deny the allegations set forth in Paragraph 62 of Plaintiffs' Amended Complaint.

63. Tabor Defendants deny the allegations set forth in Paragraph 63 of Plaintiffs' Amended Complaint.

64. Tabor Defendants deny the allegations set forth in Paragraph 64 of Plaintiffs' Amended Complaint.

## COUNT FIVE AGAINST ALL DEFENDANTS: CIVIL CONSPIRACY

65. All allegations incorporated by reference in Paragraph 65 of Plaintiffs' Amended Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

66. Tabor Defendants deny the allegations set forth in Paragraph 66 of Plaintiffs' Amended Complaint.

67. Tabor Defendants deny the allegations set forth in Paragraph 67 of Plaintiffs' Amended Complaint.

68. Tabor Defendants deny the allegations set forth in Paragraph 68 of Plaintiffs' Amended Complaint.

69. Tabor Defendants specifically deny all other allegations set forth in Plaintiffs' Amended Complaint that are not otherwise specifically admitted herein.

## **AFFIRMATIVE DEFENSES**

1. Tabor Defendants affirmatively allege, in the alternative, that Plaintiffs may have failed to state a claim against them upon which relief can be granted.

2. Tabor Defendants affirmatively allege, in the alternative, that Plaintiffs may not have joined all parties necessary and indispensable for a just adjudication of the captioned matter.

3. Tabor Defendants affirmatively allege, in the alternative, that Plaintiffs' claims against them may be barred by the doctrines of waiver, laches, unclean hands, and/or estoppel.

4. Tabor Defendants affirmatively allege, in the alternative, that they acted in good faith at all times and in good faith reliance on the information provided by the creditor of the account.

5. Tabor Defendants affirmatively allege, in the alternative, that they did not make any false or misleading statements to Plaintiffs or anyone else.

6. Tabor Defendants affirmatively allege, in the alternative, that any alleged false or misleading statements, which are specifically denied, were not material.

7. Tabor Defendants affirmatively allege, in the alternative, that Plaintiffs did not rely on any alleged false or misleading statements, which are specifically denied.

8. Tabor Defendants affirmatively allege, in the alternative, that if they performed any wrongful acts, which is specifically denied, such acts were not performed knowingly, purposely, with malicious purpose, in bad faith, intentionally, recklessly, willfully, or wantonly.

9. Tabor Defendants affirmatively allege, in the alternative, that Plaintiffs have suffered no compensable damages as a result of the actions of Tabor Defendants.

10. Tabor Defendants affirmatively allege, in the alternative, that if Plaintiffs were injured or damaged, any and all such injury or damage was caused by the sole actions of Plaintiffs and/or third-parties over whom Tabor Defendants have no control, right to control, responsibility, or reason to anticipate.

11. Tabor Defendants affirmatively allege, in the alternative, that Plaintiffs have failed to mitigate their damages, if any.

12. Tabor Defendants respectfully reserve the right to assert any additional affirmative defenses that may be revealed during the course of discovery.

Respectfully submitted,

SURDYK, DOWD & TURNER CO., L.P.A.

*/s/David B. Shaver*
Jeffrey C. Turner (0063154)
David B. Shaver (0085101)
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333 | (937) 222-1970 (fax)
jturner@sdtlawyers.com
dshaver@sdtlawyers.com
*Counsel for Tabor Recovery Group, LLC, Tony Adkins, and Mark Richmond*

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that the foregoing was filed and served this 2nd day of April 2025, via the Court Clerk's CM/ECF system which will provide notice to all counsel of record.

*/s/David B. Shaver*
David B. Shaver (0085101)