UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LYNETTE BENSON, *et al.*,

      Plaintiffs,

vs.

TABOR RECOVERY
GROUP, LLC, *et al.*,

      Defendants.

Case No. 3:25-cv-44

District Judge Michael J. Newman

---

**ORDER: (1) DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (Doc. No. 20); (2) EXTENDING THE DISPOSITIVE MOTIONS DEADLINE; AND (3) SETTING A DISPOSITIVE MOTIONS DEADLINE OF MARCH 31, 2026**

---

Plaintiffs Lynette Benson and Charles Benson, through counsel, bring this civil case under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, against Defendants Tabor Recovery Group, LLC, Tony Adkins, and Mark Richmond. Doc. No. 2. Plaintiffs' amended complaint further alleges violations of the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code § 1345.02, against Defendants as well as an intrusion on seclusion claim and a civil conspiracy claim. *Id.* at PageID 33-37. This case is before the Court on Defendants' Fed. R. Civ. P. 12(c) motion for partial judgment on the pleadings. Doc. No. 20. In response to the motion, Plaintiffs filed a memorandum in opposition (Doc. No. 24), and Defendant replied (Doc. No. 27). Thus, the motion is ripe for review.

**I.**

Motions for judgment on the pleadings under Rule 12(c) are analyzed under the same standard as motions to dismiss under Rule 12(b)(6). *See Roth v. Guzman*, 650 F.3d 603, 605

(6th Cir. 2011). For both motions, "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quotation omitted). The Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all reasonable inferences in favor of the plaintiff." *Royal Truck & Trailer Sales & Serv., Inc. v. Kraft*, 974 F.3d 756, 758 (6th Cir. 2020) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Winget*, 510 F.3d at 582–83 (citation omitted) (quotation omitted).

A complaint will not suffice if it offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, to survive a Rule 12(b)(6) review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Rule 12(b)(6), like all other Federal Rules of Civil Procedure, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

**II.**

Having carefully and thoroughly considered the pleadings and briefing in support of, and in opposition to, Defendants' motion, and having been advised that they have completed discovery, along with the procedural posture of this case, the efficient and appropriate way forward is to consider the parties' arguments on summary judgment with citations to the Record.  *See, e.g.*, *Meriwether v. Hartop*, 992 F.3d 492, 514 (6th Cir. 2021).

**III.**

Accordingly, Defendants' motion for partial judgment on the pleadings is **DENIED WITHOUT PREJUDICE**.  The Court anticipates reviewing the parties' arguments on summary judgment.  In anticipation that the parties will likely need a continuance of the dispositive motions deadline, the Court **EXTENDS** this deadline and **SETS** a dispositive motions deadline of **March 31, 2026**.

    **IT IS SO ORDERED.**

February 26, 2026                  s/*Michael J. Newman*
                                         Hon. Michael J. Newman
                                         United States District Judge